No. 19-3618

In the
United States Court of Appeals
for the Eighth Circuit

_____

UNITED STATES OF AMERICA,
Appellant,

V.

DANIEL LEWIS LEE,
Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
District Court No. 4:97-CR-243 (Baker, J.)

_____

**ADDENDUM**

_____

MORRIS H. MOON
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

GEORGE G. KOUROS
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Appellee Daniel Lewis Lee

# TABLE OF CONTENTS

Government's Opposition to Movant's Motion to Stay Execution
and Hold Proceedings in Abeyance (Dkt. 1355)………………………………………….1

Appellate Case: 19-3618     Page: 2     Date Filed: 01/08/2020 Entry ID: 4868785

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:97-CR-00243-JLH |
| | ) | (Capital Case) |
| | ) | |
| DANIEL LEWIS LEE. | ) | |

———————

**GOVERNMENT'S OPPOSITION TO MOVANT'S MOTION TO STAY EXECUTION AND HOLD PROCEEDINGS IN ABEYANCE**

———————

CODY HILAND
United States Attorney
Eastern District of Arkansas

BRIAN A. BENCZKOWSKI
Assistant Attorney General

MATTHEW S. MINER
Deputy Assistant Attorney General

JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

Appellate Case: 19-3618     Page: 3     Date Filed: 01/08/2020 Entry ID: 4868785

# TABLE OF CONTENTS

STATEMENT ............................................................................................... 2

LEGAL STANDARD .................................................................................. 5

ARGUMENT ............................................................................................... 6

      A.    This Court Should Deny A Stay Of Execution Based
             On The Last-Minute Nature Of Lee's Request And
             His Undue Delay In Seeking Relief ..................................... 6

      B.    The Balance Of Equities Weighs Against A Stay ................ 9

CONCLUSION ........................................................................................... 11

CERTIFICATE OF SERVICE ..................................................................... 12

i

Appellate Case: 19-3618     Page: 4     Date Filed: 01/08/2020 Entry ID: 4868785

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 4:97-CR-00243-JLH |
| | ) | (Capital Case) |
| | ) | |
| DANIEL LEWIS LEE. | ) | |

**GOVERNMENT'S OPPOSITION TO MOVANT'S MOTION TO STAY
EXECUTION AND HOLD PROCEEDINGS IN ABEYANCE**

Three days before his scheduled December 9, 2019 execution, Daniel Lewis Lee has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) and moved for a stay of execution.[1] Those requests for relief rely solely on the Supreme Court's expected decision in *Banister v. Davis*, No. 18-6943 (argued Dec. 4, 2019). But the Supreme Court has long held that courts may consider the last-minute nature of a stay request and a movant's unnecessary delay when deciding whether to grant that form of equitable relief. *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam). And here, Lee seeks relief based on a case in which the Supreme Court granted

---

[1] As Lee notes (Dkt. 1353 at 1 n.1), district courts in the District of Columbia and the Southern District of Indiana have entered orders currently blocking his execution—the first in a preliminary injunction entered on November 20, 2019, and the second in a stay of execution entered on December 5, 2019. The government has moved the Supreme Court to stay or vacate the District of Columbia injunction and, earlier today, filed an emergency motion in the Seventh Circuit to lift the Indiana district court's stay of execution.

1

review more than five months ago, a month before Lee's execution was even scheduled. Given Lee's unjustifiable five-plus-month delay in seeking relief and the last-minute nature of his stay request, this Court should deny his motion for a stay of execution.

## STATEMENT

This is capital murder case with a lengthy procedural history. Lee and Chevie Kehoe were members of a white supremacist organization that Kehoe founded for the purpose of establishing an independent nation of white supremacists in the Pacific Northwest. *United States v. Lee*, 374 F.3d 637, 641 (8th Cir. 2004), *cert. denied*, 545 U.S. 1141 (2005). In January 1996, expecting to find valuable property, Kehoe and Lee traveled from Washington to the Arkansas home of William Mueller, a gun dealer who owned a large collection of weapons and ammunition. *Id.* When Mueller arrived home with his wife Nancy and their eight-year-old daughter Sarah Powell, Lee and Kehoe overpowered and incapacitated the Muellers and then questioned Sarah Powell about the location of cash, guns, and ammunition. *Id.* at 641-42. After taking weapons worth about $30,000 and $50,000 in cash and coins, Lee and Kehoe shot the three victims with a stun gun, placed plastic trash bags over their heads, and sealed the bags with duct tape to asphyxiate them. *United States v. Lee*, No. 97-CR-243, 2008 WL 4079315, at *4 & n.52 (E.D. Ark.). Kehoe and Lee taped rocks to the three victims and threw them into the nearby

2

Illinois Bayou.  *Lee*, 374 F.3d at 641-42; *United States v. Kehoe*, 310 F.3d 579, 590 (8th Cir. 2002), *cert. denied*, 538 U.S. 1048 (2003).

In 1999, Lee was convicted of multiple federal offenses and sentenced to death under the Federal Death Penalty Act.  This Court initially granted Lee's post-trial motion for a new sentencing hearing, but the Eighth Circuit reversed and reinstated the death sentence.  *United States v. Lee*, 274 F.3d 485 (8th Cir. 2001), *cert. denied*, 537 U.S. 1000 (2002). The Eighth Circuit later affirmed Lee's conviction and sentence on direct appeal, *Lee*, 374 F.3d 637, and the Supreme Court denied certiorari, 545 U.S. 1141 (2005).

Since that affirmance, courts at every level of the judiciary have denied Lee's motions for collateral relief.  This Court denied Lee's 2006 motion to vacate under 28 U.S.C. § 2255 and his subsequent motion for reconsideration. *Lee*, 2008 WL 4079315 (E.D. Ark. Aug. 28, 2008); *United States v. Lee*, No. 97-CR-243, 2010 WL 5347174 (E.D. Ark. Dec. 22, 2010). The Eighth Circuit affirmed, *United States v. Lee*, 715 F.3d 215 (8th Cir. 2013), and the Supreme Court again denied review, *Lee v. United States*, 135 S. Ct. 72 (2014).  In September 2013, Lee filed a motion that he titled a motion for relief from judgment under Federal Rule of Civil Procedure 60.  This Court concluded that it lacked jurisdiction because the motion in substance amounted to a second or successive motion for relief under § 2255 and Lee had failed—as required by 28 U.S.C. § 2255(h)—to seek precertification from the court of appeals that the

3

motion contained newly discovered evidence providing compelling proof of his innocence or a new rule of constitutional law made retroactive by the Supreme Court on collateral review. *United States v. Lee*, No. 97-CR-243, 2014 WL 1093197 (E.D. Ark. Mar. 18, 2014). The Eighth Circuit affirmed, *United States v. Lee*, 792 F.3d 1021 (8th Cir. 2015), and the Supreme Court denied certiorari, *Lee v. United States*, 137 S. Ct. 1577 (2017).

In September 2018, Lee filed another motion for collateral relief under § 2255. This Court again denied the motion on the ground that it lacked jurisdiction over an uncertified second or successive motion for relief under § 2255. Dkt. 1313. The Eighth Circuit denied Lee's application for a certificate of appealability. *Lee v. United States*, No. 19-2432 (8th Cir.) (order entered Nov. 4, 2019).

On July 25, 2019, while Lee's latest § 2255 motion was pending, the United States scheduled Lee's execution for December 9, 2019. Approximately, two months later, Lee filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Indiana—the district within which Lee is confined—under 28 U.S.C. § 2241. At around the same time, he joined a lawsuit in the United States District Court for the District of Columbia challenging the government's execution protocol, and on November 20, 2019, the district court in that case enjoined Lee's execution. *In the Matter of the Federal Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C.

4

Nov. 20, 2019) (preliminary injunction).   As noted above (at 1 n.1), the government has filed an application in the Supreme Court to stay or vacate the District of Columbia injunction, *see* Stay Application, *In re Federal Bureau of Prisons' Execution Protocol Cases*, Sup. Ct. No. 19A615 (filed Dec. 2, 2019); and has moved the Seventh Circuit to vacate a stay of execution entered by the Indiana district court on December 5, 2019.

In the meantime, Lee also filed an application in the Eight Circuit seeking permission to file a successive § 2255 motion on grounds that newly discovered evidence provides clear and convincing evidence he is innocent, not because he did not commit the murders but because there was no racketeering enterprise needed to support federal charges. *Lee v. United States*, No. 19-3576 (8th Cir.) (application filed Dec. 4, 2019). The Eighth Circuit has ordered the government to respond to that application by noon on December 7, 2019.

## LEGAL STANDARD

"A stay of execution is an equitable remedy.  It is not available as a matter of right, and equity must be sensitive to the [government's] strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Lee v. Kelley*, 854 F.3d 544, 546 (8th Cir. 2017) (internal quotation marks and citations omitted).  In capital cases, one of the traditional stay factors (irreparable injury) is taken as a given. *Williams v. Chrans*, 50 F.3d 1358, 1360 (7th Cir. 1995) (per curiam).  But movants must still satisfy

5

the other requirements, including that the movant show "a significant possibility of success on the merits," *Lee v. Kelley*, 854 F.3d at 546, and that the movant not have "delayed unnecessarily in bringing the claim," *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007) (per curiam).

This last consideration—unnecessary delay—is central to the stay analysis. The Court has explained that courts "considering a stay must . . . apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill v. McDonough*, 547 U.S. 573, 584, (2006) (internal quotation marks omitted). It has similarly stressed that courts may consider a movant's "abusive delay" and "the last-minute nature of an application to stay execution in deciding whether to grant equitable relief." *Gomez v. U.S. Dist. Court for N. Dist. of Cal.*, 503 U.S. 653, 654 (1992) (per curiam). And the Court itself has repeatedly and recently vacated stays entered by lower courts on that very basis. *See, e.g.*, *id.*; *Dunn v. Price*, 139 S. Ct. 1312 (2019); *Dunn v. Ray*, 139 S. Ct. 661 (2019).

## ARGUMENT

### A.   This Court Should Deny A Stay Of Execution Based On The Last-Minute Nature Of Lee's Request And His Undue Delay In Seeking Relief

Lee seeks a stay of his December 9, 2019 execution so that this Court can consider his newly filed motion for relief from judgment under Fed. R. Civ. P.

60(b), in which he argues that this Court erred in treating an earlier motion under Fed. R. Civ. P. 59(e) as a successive habeas petition subject to the restrictions of 28 U.S.C. § 2255(h). *See* Dkt. 1352. As the lone basis for the requested stay, Lee cites the Supreme Court's anticipated decision in *Banister v. Davis*, No. 18-6493 (argued Dec. 4, 2019), which will address the circumstances in which a timely Rule 59(e) motion should be recharacterized as a second or successive habeas petition. *See* Order Granting Cert., 2019 WL 2570655 (June 24, 2019).

The Supreme Court, however, granted certiorari in *Banister* on June 24, 2019. That was one month *before* the United States even scheduled Lee's execution. *See* News Release, "Federal Government to Resume Capital Punishment After Nearly Two Decade Lapse," at https://www.justice.gov/opa/pr/federal-government-resume-capital-punishment-after-nearly-two-decade-lapse (July 25, 2019). Lee, however, did not file the present Rule 60(b) motion until more than five months after the grant of certiorari in *Banister* and more than four months after his execution was scheduled. And when he finally filed the motion, he did so three calendar days (one business day) before the scheduled execution, at a time when the government was already litigating a stay in the Seventh Circuit; was participating in Lee's litigation in the District of Columbia injunction proceedings regarding the execution protocol; was responding to a lawsuit by Lee in the district court in the District of Columbia

7

challenging clemency proceedings and seeking a stay, *Lee v. Barr*, No. 1:19-CV-03611-DDL (D.D.C.); and was responding to Lee's successive § 2255 application in the Eighth Circuit. That type of "abusive," "last-minute," and multi-pronged litigation weighs heavily against a stay. *Gomez*, 503 U.S. at 654; *see Bucklew v. Precythe*, 139 S. Ct. 1112, 1133-34 (2019).

Moreover, Lee has provided no reason—let alone a justifiable one—for his delay. He asserts (Dkt. 1353 at 5) that he "has diligently pursued relief" on the underlying claim of ineffective assistance of counsel that he seeks to reopen via the Rule 60(b) motion. But putting aside the fact that the underlying claim lacks merit,[2] that still does not explain why Lee delayed for months in seeking relief based on a case that has been pending in the Supreme Court since June. Nor does Lee's claimed "surpris[e]" (Dkt. 1353 at 6) at the setting of an execution date justify his waiting another four months, until the last business day before his execution, to seek relief under Rule 60(b) and an accompanying stay.

---

[2] The government has explained why Lee's underlying ineffective assistance claim is fully lacking in merit in numerous filings—in this Court, the Eighth Circuit, the Supreme Court, and the Indiana district court, *See, e.g.*, Dkt. 1236, at 42-48; Dkt. 1237, at 6-9; Brief in Opp., *Lee v. United States*, No. 15-8942 (Sup. Ct.) (filed Mar. 13, 2017), *available at* 2017 WL 1397828—and will not repeat those arguments here, in particular on the present expedited timeframe to respond to Lee's stay motion. The most recent discussion can be found in the government's opposition to Lee's habeas petition in the Indiana district court. *See* Dkt. 14, at 38-59, *Lee v. Warden*, No. 2:19-CV-00468-JPH-DLP (S.D. Ind.) (filed Oct. 15, 2019)

Finally, the lone authority Lee cites—*Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (per curiam)—does not support his last-minute stay request. In particular, *Chambers* did not involve (or address) delay comparable to the delay at issue here, let alone unjustifiable delay attributable to the movant. The court in *Chambers* stayed an execution scheduled for November 10, 1999, based on the Supreme Court's October 18, 1999 order granting reargument and expanding the list of questions to be addressed in *Slack v. McDaniel*, No. 98-6322. *See Chambers*, 197 F.3d at 309. Even if the movant in *Chambers* did not file his stay request until November 4, 1999 (as the case caption suggests), the delay was approximately two weeks. Accordingly, nothing in *Chambers* supports a stay when a prisoner waits months (not weeks) before seeking relief based on a relevant court order and provides no reason for such delay.

## B.   The Balance Of Equities Weighs Against A Stay

The balance of equities also weighs against a stay. Lee contends that the government cannot "credibly claim substantial harm will be done if the Court stays his December 9th execution date to consider his claims," Dkt. 1353 at 7, but that view cannot be squared with the Supreme Court's recognition that "[b]oth the [government] and the victims of crime have an important interest in the timely enforcement of a [death] sentence." *Bucklew*, 139 S. Ct. at 1133 (quoting *Hill v. McDonough*, 547 U.S. 573, 584 (2006)); *see Calderon v.*

*Thompson*, 523 U.S. 538, 556 (1998) (explaining that "finality acquires an added moral dimension" once post-conviction proceedings are complete, and that "[o]nly with an assurance of real finality can the [government] execute its moral judgment in a case . . . [and] the victims of crime move forward knowing the moral judgment will be carried out"). The Supreme Court has recognized that unduly delaying executions can frustrate the death penalty, and undermine its retributive and deterrent functions. *See Bucklew*, 139 S. Ct. at 1134.

Lee contends that the public interest in carrying out respondent's sentence is undermined because of the length of time the government took to revise its execution protocol and litigate respondent's numerous challenges to his conviction and sentence. Dkt. 1353 at 5-7. But the government should not be faulted for undertaking its grave responsibility to select a mechanism for implementing the ultimate punishment in a conscientious manner, including by reviewing States' experiences, soliciting and considering the opinions of medical experts, and ultimately selecting the protocol most likely to result in a humane execution. *See* Stay Application at 10-13, *In re Federal Bureau of Prisons' Execution Protocol Cases*, No. 19A615 (Sup. Ct.) (filed Dec. 2, 2019). Nor should the government be faulted for taking time to respond to respondent's repeated filings with care and diligence. After years spent locating a reliable drug source and developing an effective federal protocol—

10

and long after respondent has had the opportunity to raise and litigate his many challenges to his conviction and sentence on direct appeal and collateral review under Section 2255—the government has a powerful and well-recognized interest in proceeding with the administration of justice as planned. *See, e.g., Bucklew*, 139 S. Ct. at 1133-34; *Hill*, 547 U.S. at 584.

## CONCLUSION

For the foregoing reasons, this Court should deny Lee's motion for a stay of execution.

Respectfully submitted,

CODY HILAND
United States Attorney
Eastern District of Arkansas

BRIAN A. BENCZKOWSKI
Assistant Attorney General

MATTHEW S. MINER
Deputy Assistant Attorney General

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Rm. 1260
Washington, D.C. 20530
(202) 307-3766
john.pellettieri@usdoj.gov

DECEMBER 6, 2019

11

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas using the CM/ECF system on December 6, 2019.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/John M. Pellettieri
JOHN M. PELLETTIERI
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Rm. 1260
Washington, D.C. 20530
(202) 307-3766

Appellate Case: 19-3618   Page: 16   Date Filed: 01/08/2020 Entry ID: 4868785