# FEDERAL CAPITAL HABEAS PROJECT

JAMES WYDA
FEDERAL PUBLIC DEFENDER

RUTH E. FRIEDMAN
DIRECTOR, FEDERAL CAPITAL HABEAS PROJECT

GEORGE G. KOUROS
STAFF ATTORNEY

January 22, 2020

Honorable Michael E. Gans
Clerk, U.S. Court of Appeals
 for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

**Re:** *United States v. Daniel Lee*, **Case No. 19-3618**

Dear Mr. Gans:

At the January 16 oral argument in the above-captioned case, I indicated I would provide the Court with authority stating that a determination of undue delay is a finding of fact reviewable for clear error, rather than a mixed question to be reviewed *de novo*.[1] Respectfully, I direct the Court's attention to *Doe v. Cassel*, 403 F.3d 986, 990-97 (8th Cir. 2006) (district court determination that defendant exhibited "undue delay" in failing to timely amend §1983 complaint reviewable for clear error), and *Brooks v. Warden*, 810 F.3d 812, 824 (11th Cir. 2016) (district court determination that defendant exhibited "unreasonable, unnecessary, and inexcusable delay" in bringing §1983 suit challenging method of execution and seeking a stay of execution was reviewable for clear error).

Counsel for Mr. Lee also learned just yesterday that the Government has halted any discussion of a joint resolution of the matter before this Court. As became clear during the argument, the parties agree that the district court's underlying order should be vacated, albeit for different reasons. At the suggestion of the Court, counsel for Mr. Lee and for the Government met after the argument

---

[1] Oral argument at 29:27 to 29:37, available at: http://media-oa.ca8.uscourts.gov/OAaudio/2020/1/193618.MP3

Appellate Case: 19-3618    Page: 1    Date Filed: 01/22/2020 Entry ID: 4873442

to confer about resolving this matter with an agreed-upon stipulation vacating the district court's stay. The next day, potential language was suggested for discussion. The Government then informed the undersigned by email yesterday afternoon that it was not interested in joining any stipulation, after which it immediately notified the Court by letter of its decision. As no further discussion was then possible, Mr. Lee does not know the reason for the Government's decision or what other relief Appellant could be seeking.[2]

As the Court noted during the argument, under the circumstances, the simplest route for resolving this case would be for Mr. Lee to ask the district court to vacate its order, but the district court presently lacks jurisdiction.[3] If this Court were to grant a limited remand for that purpose, however, this case could be resolved in the same manner without this Court having to expend any further judicial resources on this matter or the parties having to expressly concur.

Very truly yours,

George G. Kouros
Counsel for Daniel Lee

Cc: John M. Pellettieri, Esq.

---

[2] Certainly the Government would not be prejudiced by vacatur of the stay. As the Court correctly noted, no stay would "spring back into effect automatically" if circumstances changed. (Oral argument at 34:10 to 34:20) In that event—and assuming that the preliminary injunction by the D.C. District Court was vacated and *Banister* was not yet decided—Mr. Lee could seek to stay his execution, and the Government could oppose it. *Id*.

[3] Oral argument at 17:11 to 17:21, and 33:12 to 34:48.