# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3618

_____

United States of America,

*Plaintiff - Appellant*,

v.

Daniel Lewis Lee, also known as Danny Lee, also known as D. L. Graham, also known as Daniel Lewis Graham,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: January 16, 2020
Filed: June 1, 2020

_____

Before COLLOTON, KELLY, and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Daniel Lee was convicted in federal court of murder in aid of racketeering and sentenced to death. *See United States v. Lee*, 274 F.3d 485 (8th Cir. 2001). On December 6, 2019, with Lee's execution scheduled for three days later, the district court granted Lee's motion to stay the execution. The court ordered that the sentence

of death must "not be carried out until further order of this Court, the Eighth Circuit, or the Supreme Court." The execution date passed, and the government pursued this appeal of the district court's order.

Lee argues that the government's appeal is moot because the execution date has passed and the execution has not been rescheduled. We disagree: the district court's order prevents the government from carrying out the sentence on a rescheduled date. The order was not limited to the execution date of December 9, 2019; it forbids the government to carry out the sentence of death at any time without further order of a court. There is thus a live controversy over the validity of the court's ongoing injunction. That another district court also had enjoined Lee's execution on different grounds, *see In re: Federal Bureau of Prisons' Execution Protocol Cases*, 955 F.3d 106 (D.C. Cir. 2020) (per curiam), does not preclude the government from appealing this order too. Both orders were live obstacles to carrying out Lee's sentence.

In the district court, Lee moved to stay his execution in part on the ground that a case pending at the Supreme Court, *Banister v. Davis*, No. 18-6943, might impact the outcome of his case. *Banister* concerns whether and under what circumstances a timely motion under Federal Rule of Civil Procedure 59(e) should be characterized as a second or successive petition for a writ of habeas corpus that may not be filed without authorization by a court of appeals. *See* 28 U.S.C. § 2244(b)(2). The district court in this case earlier had rejected a Rule 59(e) motion from Lee on the grounds that it was a successive motion under 28 U.S.C. § 2255(h) and lacking in merit. *United States v. Lee*, No. 4:06-CV-1608GTE, 2010 WL 5347174, at *5-6 (E.D. Ark. Dec. 22, 2010). Lee now seeks under Rule 59(e) to renew his contention that the district court erred in rejecting his claim that trial counsel were ineffective in failing to object to certain testimony of a government expert about future dangerousness.

In staying Lee's execution, the district court relied on *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (per curiam), which blocked an execution of a state

-2-

Appellate Case: 19-3618    Page: 2    Date Filed: 06/01/2020 Entry ID: 4918682

prisoner pending a decision by the Supreme Court. The prisoner unsuccessfully had sought a writ of habeas corpus in federal court, and this court had affirmed the denial of relief after considering several issues identified in a certificate of appealability. *Chambers v. Bowersox*, 157 F.3d 560 (8th Cir. 1998). The case pending at the Supreme Court concerned whether a prisoner in Chambers's position was required to obtain a certificate of appealability in order to appeal an issue. This court's decision granting a stay in *Chambers* reasoned that if the pending case at the Supreme Court were resolved favorably to the prisoner, it would mean that Chambers should have received plenary appellate review of certain issues that the court had declined to consider as outside the certificate of appealability. The court then concluded that the State should not "be allowed to execute Chambers when there is thus an appreciable chance that he has not received the full review process to which he is entitled." 197 F.3d at 309. In this case, the district court concluded that "those same circumstances are present here given the pending outcome of *Banister* and that *Chambers* remains controlling law."

The government challenges the district court's order on several grounds, but we need address only one to determine that the order should be vacated. We conclude that the district court's order applied an incorrect legal standard based on *Chambers* to justify a stay of execution pending a decision by the Supreme Court in *Banister*.

The government argues that *Chambers* has been superseded by later decisions of the Supreme Court that require a prisoner to show a significant possibility of success on the merits before a court may grant a stay. *E.g.*, *Dunn v. McNabb*, 138 S. Ct. 369, 369 (2017); *Hill v. McDonough*, 547 U.S. 573, 584 (2016); *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). *Chambers* did not address the prisoner's likelihood of success and focused instead on the "appreciable chance" that he "should have received plenary appellate review of all issues properly raised in his habeas petition." 197 F.3d at 309.

-3-

Even assuming that *Chambers* survives the subsequent decisions, a matter we need not decide, it is limited to its procedural context. The concern in *Chambers* was that the prisoner might not have received the plenary appellate review to which he was entitled on his first petition for writ of habeas corpus, because the court imposed a certificate of appealability requirement that might not have been applicable. *Id.* In this case, by contrast, it was settled that Lee was required to obtain a certificate of appealability, and he received full appellate review on that basis. *See United States v. Lee*, 715 F.3d 215 (8th Cir. 2013). If *Chambers* made an exception to the rule that a prisoner seeking a stay of execution must satisfy the ordinary requirements for a stay, *see Hill*, 547 U.S. at 584, it does not extend beyond the situation in that case. And Lee already received one full round of review on his present claim of ineffective assistance: the district court ruled that the claim was "lacking in merit," *Lee*, 2010 WL 5347174, at *5-6, and this court denied a certificate of appealability on that issue. *See* Motion to Expand Certificate of Appealability, at 70-90, *United States v. Lee*, No. 11-1380 (8th Cir. June 20, 2011); Order, No. 11-1380 (Feb. 17, 2012).

The district court thus did not apply the correct legal standard in evaluating Lee's motion for stay. An appreciable chance that *Banister* could allow for additional judicial consideration of Lee's previously denied Rule 59(e) motion was not sufficient to justify a stay of execution. Accordingly, we vacate the district court's order of December 6, 2019.

_____

-4-