IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

DANIEL LEWIS MR. LEE,

Petitioner-Appellant, Case No. 19-3618

v. CAPITAL CASE
EXECUTION SCHEDULED FOR
UNITED STATES OF AMERICA JULY 14, 2020
Respondent-Appellee.

## MOTION FOR REHEARING *EN BANC*

Petitioner Daniel Lee respectfully requests rehearing *en banc* pursuant to

Fed. R. App. P. 35(a)(1) in order to maintain the uniformity of this Circuit's

decisions.

### I. Procedural History

### A. Trial proceedings

Mr. Lee is a federal death row inmate. In a 1999 trial over which the

Honorable G. Thomas Eisele presided, Mr. Lee and a co-defendant, Chevie Kehoe,

were convicted of conspiring to violate and violating the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1962(c)-(d), and of three murders in aid of

racketeering in violation of 18 U.S.C. § 1959. Despite the Government's express

acknowledgment that Mr. Kehoe was the more culpable offender, the jury

sentenced him to life imprisonment and then, separately, sentenced Mr. Lee to

death.

A key reason for this perverse result was the jury's belief that Mr. Lee would continue to be a "future danger" if not executed.[1] During the penalty phase, the Government elicited expert evidence that Mr. Lee had been clinically diagnosed as a "psychopath" using the Hare Psychopathy Checklist-Revised (PCL-R), and that this instrument reliably predicted that Mr. Lee would continue to commit violent acts in prison.[2] As Judge Eisele contemporaneously noted, in the absence of this evidence "it is very questionable whether the jury would have given Defendant Lee the death penalty."[3]

### B. Proceedings under 28 U.S.C. § 2255

The "psychopathy" evidence was not just prejudicial; it was also categorically false. As the Government's own expert, Dr. Thomas V. Ryan, belatedly affirmed in a different federal capital proceeding, there was no scientific basis in 1999 for claiming that the PCL-R was a valid predictor of future dangerousness in prison.[4]

In Mr. Lee's subsequent § 2255 proceeding, post-conviction counsel alleged

---

[1] *See United States v. Lee,* 715 F.3d 215, 223 (8th Cir. 2013) (stating that the "jury sentenced the two defendants differently" because it believed Kehoe would not be a future danger, but that Lee would).

[2] No such evidence was introduced during Mr. Kehoe's penalty phase.

[3] *United States v. Lee*, 89 F. Supp. 2d 1017, 1031 (E.D. Ark. 3/21/00) (Memorandum Opinion and Order regarding Future Dangerousness and the Death Penalty Protocol), *rev'd on other grounds*, 274 F.3d 485, 495 (8th Cir. 2001).

[4] *See* Dkt. 1165-4 (Declaration of Thomas V. Ryan, Ph.D.)

Appellate Case: 19-3618    Page: 2    Date Filed: 07/14/2020 Entry ID: 4933190

that trial counsel were ineffective for failing to raise this readily available challenge.[5] This Court denied relief without an evidentiary hearing.[6] Counsel then moved for reconsideration under Fed. R. Civ. P. 59(e), arguing that the Court erred in denying an evidentiary hearing, misconstrued the factual basis for the Sixth Amendment claim, applied an impermissibly heightened standard to assess *Strickland* prejudice, and incorrectly held that relief was foreclosed based on this Court's decision on an evidentiary issue that relied on a different set of facts and different legal standard for assessing prejudice.[7]

However, relying on *Gonzalez v. Crosby,* 545 U.S. 524 (2005), this Court conducted a "preliminary" analysis to determine a threshold issue: whether the Rule 59(e) motion was "successive."[8] Finding that it was, this Court held that it was foreclosed from considering the claims.[9]

This "preliminary analysis" closed the door on a pivotal meritorious § 2255 claim. As the Court acknowledged, had it not deemed the motion successive, it "might have determined that an evidentiary hearing was required."[10] Indeed, given that the Government has never contested that the PCL-R evidence was, in fact,

---

[5] *See* Dkt. 1118.
[6] *See* Dkt. 1163.
[7] *See* Dkt. 1165.
[8] *United States v. Lee*, 2010 WL 5347174, *1-*2, *5 (E.D. Ark. Dec. 22, 2010) (Order Denying Post-judgment Relief).
[9] *Id*. at *5.
[10] *Id*.

3

unreliable—as well as this Court's own assessment of the powerful effect this evidence had on the jury's sentencing verdict—there is a reasonable probability that the Court would have granted relief on the underlying Sixth Amendment claim after an evidentiary hearing and full merits review.

**C. Intervening change in the law**

In July of 2019, the Bureau of Prisons notified Mr. Lee that it had scheduled his execution date for December 9, 2019.

On December 4, 2019, the Supreme Court heard oral argument in *Banister v. Davis*, No. 18-6943 (2019), a case concerning a Circuit split over regarding the circumstances in which a timely filed motion pursuant to Fed. R. Civ. P. 59(e) seeking to alter or amend a just-entered judgment can be construed as an improper successive motion under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). This issue was of significant importance to Mr. Lee: his Rule 59(e) motion seeking to alter or amend the judgment denying his § 2255 motion was denied as successive under *Gonzalez*. (Mr. Lee had, in fact, argued at the time that *Gonzalez* did not apply to Rule 59(e) motions, but his arguments were rebuffed by the district court.)

Based on the tone of the *Banister* oral argument, Mr. Lee surmised that his earlier position was likely to prevail at the Supreme Court. Within 48 hours of that argument, Mr. Lee filed a motion seeking to reopen the Rule 59(e) proceedings, and asked that his motion be held in abeyance pending the decision in *Banister*.

4

Dkts. 1352 & 1353. Given his impending execution date, Mr. Lee also sought to stay of his execution based on *Chambers v. Bowersox*, 197 F.3d 308 (8th Cir. 1999) (*per curiam*), which permits stays based on pending Supreme Court cases which might entitle a death-sentenced prisoner to additional process to have his claims for relief reviewed. Since Mr. Lee's Rule 59(e) motion was denied as "successive," he did not receive full review on the merits; a favorable decision in *Banister* would entitle him to have his Rule 59(e) motion heard anew, and therefore he argued that a stay was warranted under *Chambers*.

The district court granted a stay of execution. Dkt. 1356. The Government took an immediate appeal. Dkt. 1357. But by the time the case was briefed and heard by this Court, however, Mr. Lee's execution date had already come and gone; a different court had enjoined the Government from carrying out any of the scheduled federal executions.

Nonetheless, this Court ordered briefing and oral argument, which was held on January 16, 2020. On June 1, 2020, the Court issued an order vacating the stay, finding that the district court had applied the wrong legal standard in issuing the stay. *See United States v. Lee*, 960 F.3d 1023 (8th Cir. 2020). Coincidentally, the Supreme Court issued its decision in *Banister* that same morning. *See Banister v. Davis*, 590 U.S. ___, 140 S. Ct. 1698 (2020). As expected, it held that *Gonzalez* does not apply to Rule 59(e) motions. *Banister*, 140 S. Ct. at 1710-11. Three days

5

later, Mr. Lee filed a supplement to his Rule 60 motion, which described the

holding in *Banister* and why the district court's prior ruling deeming that motion

successive should be reopened pursuant to Rule 60(b)(6). *See* Dkt. 1377.

The district court denied Mr. Lee's motion on July 2, 2020. Dkt. 1404. Key

to its decision was the fact that although the court had, in fact, denied the Rule

59(e) motion as successive, it had also purported to conduct an "alternative merits

analysis" of the Sixth Amendment claims and held that they lacked merit.[11] Dkt.

1404 at 13. Mr. Lee argued that this ruling in the alternative was a legal nullity; a

court deprived of jurisdiction cannot render a valid decision on the merits under

Supreme Court and Circuit law. *See* Dkt. 1352 at 3 n.12; Dkt. 1377 at 7 n.5; Dkt.

1392 at 5-6. But the district court held that it was constrained by this Court's

decision vacating the stay, which "recognized the Rule 59(e) Order as including a

merits finding throughout these proceedings." Dkt. 1404 at 13.

---

[11] Its sole basis for concluding that the claim was "lacking in merit" was its "finding" that counsel could not be deemed ineffective for failing to raise the relevant challenge at Mr. Lee's 1999 trial because the basis for making the objection was not available until a year later. This "finding" was demonstrably incorrect. Contrary to the Court's finding, Dr. Ryan's declaration made clear that "the basis for a challenge to the use of the PCL-R existed at the time of the [*United States v. Richard*] *Stitt* trial," *see* Dkt. 1165-4 at ₱ 6—which occurred in 1998, a year before Daniel Lee's trial began. Thus, the lone basis for the court's "merits denial" was clearly erroneous. Such a significant factual error was likely the product of the Court's *Gonzalez* analysis; upon determining that the motion was successive, the Court conducted merely a cursory review of the claim rather than a careful inquiry.

Appellate Case: 19-3618     Page: 6     Date Filed: 07/14/2020 Entry ID: 4933190

Indeed, in its order vacating the stay, this Court held that district court "had rejected a Rule 59(e) motion from Lee on the grounds that it was a successive motion under 28 U.S.C. § 2255(h) *and* lacking in merit" and that because the court "ruled that the claim was 'lacking in merit'" he had already "already received one full round of review on his present claim of ineffective assistance." *Lee*, 960 F.3d at 1024-25.

## II.    Argument

The Court's holding deeming the district court's "alternative merits analysis" of Mr. Lee's Sixth Amendment claims valid was clearly erroneous and contrary to well-established Supreme Court and Circuit precedent. It also directly prejudiced the consideration of Mr. Lee's Rule 60 motion in the district court.

It is axiomatic that a court cannot render a merits decision unless it first finds it has jurisdiction to do so. Thus, the district court's purported alternative merits analysis was legally invalid. Once it determined that the claim was successive, it lacked subject-matter jurisdiction to reach the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-95 (1998); *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009) ("[A] court may not assume 'hypothetical jurisdiction' to decide 'contested questions of law when its jurisdiction is in doubt.'") (quoting *Steel Co.*, 523 U.S. at 101); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001)

7

("It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction. … Constrained by this fundamental principle, a federal district court may not dismiss a case on the merits by hypothesizing subject-matter jurisdiction.") (citations omitted); *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (district court erred in resolving merits of the claims after determining it lacked subject-matter jurisdiction); *Cf. Kangas v. Kieffer*, 495 Fed. Appx. 749, 750 n.2 (8th Cir. 2012) (district court improperly considered merits of claim "even as it concluded it lacked personal jurisdiction.").

Here, the district court explicitly stated that Mr. Lee's Sixth Amendment claim regarding trial counsel's failure to properly challenge the "psychopathy" evidence at his trial was successive. That was the end of the matter. Any "alternative merits analysis" about these claims was a dead letter. A district court cannot properly consider the merits of a claim—"at all"—unless it has jurisdiction. *Crawford*, 267 F.3d at 764. Indeed, in *Arnold v. Wood*, 238 F.3d 992, 997-98 (8th Cir. 2001), this Court held that a district court's merits ruling on an untimely Rule 59(e) motion was *ultra vires*. Once the Court determined it did not have jurisdiction, any further merits analysis "was effectively a nullity." *Id*.

Indeed, even where a court (in a capital habeas case) ultimately agrees with a ruling's outcome, it cannot merely accept it if it was premised on hypothetical jurisdiction. *See Leal Garcia v. Quarterman*, 573 F.3 214 (5th Cir. 2009)

Appellate Case: 19-3618    Page: 8    Date Filed: 07/14/2020 Entry ID: 4933190

(reversing where second-in-time petition deemed nonsuccessive; vacating district court's merits ruling "based on its erroneous assumption of hypothetical jurisdiction," but dismissing after conducting its own merits review).

The panel opinion holding that the district court's "alternative merits analysis" was valid and binding was plainly contrary to Circuit law. Respectfully, the *en banc court* should rehear this case to secure or maintain uniformity of the court's decisions. The panel's published opinion is out of step with well-established Circuit precedent that holds a district court may not assume hypothetical jurisdiction to render a merits decision and is due to be vacated.

## CONCLUSION

For the foregoing reasons, Mr. Lee respectfully request that his motion for rehearing *en banc* be granted.

Respectfully submitted,

/s/ Morris H. Moon
Morris H. Moon
Bar# 24032750 (TX)
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(713) 880-3556
Morris_Moon@fd.org

/s/ George G. Kouros
George G. Kouros
Bar # 420813 (CT)
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_Kouros@fd.org

Counsel for Daniel Lee

9

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1. Exclusive of the exempted portions of the motion, as provided in Fed. R. App. P. 32(f), the motion contains 2,032 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word for Office Professional Plus 2016 in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied on the word count feature of this word processing system in preparing this certificate.

/s/ George G. Kouros
GEORGE G. KOUROS
July 14, 2020

Appellate Case: 19-3618 Page: 10 Date Filed: 07/14/2020 Entry ID: 4933190

# CERTIFICATE OF SERVICE

This will certify that, on July 14, 2020, Appellant's counsel served this

motion upon the United States by filing the document via this Court's ECF system.

/s/  George G. Kouros
George G. Kouros
Assistant Federal Public Defender
Federal Capital Habeas Project
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770
(301) 821-0855
George_ Kouros@fd.org

Counsel for Daniel Lee

11

Appellate Case: 19-3618    Page: 11    Date Filed: 07/14/2020 Entry ID: 4933190